UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

YVETTE TURNER                                           PLAINTIFF

v.                                    Civil Action No. 3:04CV623LS

JACKSON STATE UNIVERSITY AND
WILLIE BROWN, INDIVIDUALLY                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the separate motions of defendants Jackson State University (JSU) and Willie Brown for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Yvette Turner has filed a consolidated response in opposition.  The court, having considered the memoranda and submissions of the parties, concludes that defendants' motions should be granted in part and denied in part as set forth herein

On August 12, 2004, plaintiff filed this action against her former employer, JSU, and her former supervisor, Willie Brown, alleging claims of employment discrimination based on sex and sexual harassment in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983.  Specifically, Turner claims that over the course of several years Brown sexually harassed her and discriminated against her by not selecting her for the position of office manager.

Defendants have filed separate motions seeking summary judgment as to plaintiff's claims.  First, defendant JSU contends that plaintiff's sex discrimination claim must fail because she cannot establish a prima facie case.  To establish a prima facie case of sex discrimination, Turner must prove: (1) that she was a member of a protected group; (2) that she applied for a position

for which she was qualified; (3) that she was rejected; and (4)
that after she was rejected, the employer promoted, hired or
continued to seek a member of the opposite sex for the job.  <u>See</u>
<u>Jones v. Flagship Intern.</u>, 793 F.2d 714, 724 (5th Cir. 1986)(citing
<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 187, 36
L. Ed. 2d 668 (1973)).  JSU asserts that Turner is unable to
satisfy the fourth prong of the prima facie case, because Carolyn
Laury, a female, was selected for the office manager position.  In
his deposition, Brown testified that twenty applicants applied for
the Office Manger position, he interviewed sixteen female
applicants, including plaintiff, and two male applicants, and
ultimately selected Laury.  In response, Turner argues that the
mere fact that Laury was selected does not prohibit her from
proving her case where there is other evidence that she was not
promoted for a discriminatory reason.  <u>See Hornsby v. Conoco,</u>
<u>Inc.</u>, 777 F.2d 243, 246 (5th Cir. 1985) ("This court has previously
held that the single fact that a plaintiff is replaced by someone
within the protected class does not negate the possibility that
the discharge was motivated for discriminatory reasons.").  She
insists that she was not selected for the position because she
refused Brown's advances to engage in sexual activity.  This
claim, however, does not indicate a gender bias on the part of
Brown, and in the court's opinion, plaintiff's argument is better

characterized as a quid pro quo sexual harassment claim.[1]  As such, plaintiff's gender discrimination is dismissed.

Turning now to plaintiff's sexual harassment allegations, it appears from her complaint that she has advanced both quid pro quo and hostile work environment sexual harassment claims.  In analyzing a claim of supervisor quid pro quo sexual harassment, "courts are required to determine whether the complaining employee has or has not suffered a 'tangible employment action.'"  Casiano v. AT&T Corp., 213 F.2d 278, 283 (5th Cir. 2000).  Examples of tangible employment actions include hiring, firing, failing to promote, reassignment or a change in benefits.  See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); La Day v. Catalyst Technology, Inc., 302 F.3d 474, 481-82 (5th Cir. 2002).  Next, "the court must determine whether the tangible employment action suffered by the employee resulted from [her] acceptance or rejection of [her] supervisor's alleged sexual harassment."  Casiano, 213 F.2d. at 283.  If the plaintiff cannot establish the necessary causal nexus between her refusal of the alleged advances and the claimed adverse action, her claim must fail.  See La Day, 302 F.3d at 482.

---

[1]  In his brief, Brown contends that all of plaintiff's claims are due to be dismissed because he has presented a legitimate non-discriminatory reason for the decision not to select Turner, that is, Laury was better qualified for the position of office manager.  Because the court has concluded that Turner cannot make out a prima facie case of sex discrimination, it is not necessary to address Brown's proffered legitimate non-discriminatory reason for his selection of Laury.

In their respective motions, JSU and Brown both argue that plaintiff's quid pro quo harassment claim should be dismissed because plaintiff cannot show that her non-selection resulted from her rejection of Brown's alleged sexual advances.  In response, Turner points to her own deposition testimony in which she testified that Brown promised her the position of Coordinator of Academic Information Technology if she would have sex with him and that Brown suggested that he would only promote her to the office manager position if she engaged in specific sexual acts with him. Accordingly, the court concludes that genuine issues of material fact preclude summary judgment on plaintiff's quid pro quo harassment claims against defendants.

In addition, JSU has asserted the Ellerth/Faragher affirmative defense with respect to plaintiff's hostile work environment sexual harassment claim, arguing that she unreasonably failed to report the harassment or otherwise take advantage of JSU's preventative measures.  Ellerth, 524 U.S. 742; Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).  In response, Turner argues that because the harassment resulted in a tangible employment action, JSU is not entitled to take advantage of the Ellerth/Faragher affirmative defense.  Plaintiff is partially correct in that the affirmative defense is inapplicable to her quid pro quo claim; however, the affirmative defense is available to JSU with respect to her hostile work environment claim.

> In a quid pro quo suit, proof that a tangible employment
> action resulted from a supervisor's sexual harassment

4

renders the employer vicariously liable, and no
affirmative defense can be asserted.  In a hostile
environment case, however, the next inquiry is whether
the supervisor's actions constituted severe or pervasive
sexual harassment: If the conduct was not severe or
pervasive, the employer cannot be held liable
vicariously for the supervisor's actions; if the conduct
was severe and pervasive, the employer is vicariously
liable unless the employer can establish both prongs of
the conjunctive <u>Ellerth/Faragher</u> affirmative defense—the
only affirmative defense to vicarious liability now
available in a supervisor sexual harassment hostile work
environment case.  To establish this defense, the
employer must show that (1) the employer exercised
reasonable care to prevent and correct promptly any
sexual harassment, and (2) the complaining employee
unreasonably failed to take advantage of any
preventative or corrective opportunities provided by the
employer.

<u>Wyatt v. Hunt Plywood Co., Inc.</u>, 297 F.3d 405, 409 (5th Cir. 2002).

Here, JSU submits that at the time of the alleged harassment,
its sexual harassment policy and procedures forbade sexual
harassment, encouraged members of the JSU community to report
allegations of harassment promptly, and provided for an
investigation, a hearing before an impartial group, and an appeal
to the JSU president.  Turner did eventually take advantage of the
University's policy, but waited approximately two and a half years
after the alleged harassment began.  JSU asserts that after
receiving Turner's grievance, it followed its procedures for
addressing the allegations and transferred Turner to another
position with equal pay.  It points out that plaintiff
acknowledged in her grievance that she should have reported
Brown's conduct immediately.  Nonetheless, the court notes that in
her grievance letter, Turner explained that she did not report

5

Brown's conduct out of fear of bodily harm, specifically noting verbal threats by Brown that if she went to the JSU president, he had a gun and would "shoot [her] in the head."  She reiterated these threats in her deposition and further testified that Brown told her that "he felt sorry for [her] children because if [she] tried to file a grievance against him, they would find [her] in little pieces in the lake."  In light of the foregoing, the court is of the opinion that genuine issues of material fact, specifically as to whether plaintiff's failure to report Brown's alleged conduct was unreasonable under the circumstances, preclude summary judgment as to plaintiff's hostile work environment claim.

Finally, JSU argues that plaintiff's claim for punitive damages should be dismissed because Title VII does not provide for the recovery of punitive damages in actions against a governmental agency such as JSU.  See 42 U.S.C. § 1981a(b)(1).  Plaintiff, in her reply, concedes that she is not seeking punitive damages against JSU.

Based on the foregoing, plaintiff's claim of gender discrimination is due to be dismissed; however, defendants' motions are denied as to her claims of sexual harassment.

SO ORDERED, this the 25th day of April, 2006.


                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE